# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

WILLIAM HENRY DEASE, )
)
        Plaintiff, )
)
-vs- ) Case No. CIV-18-0282-F
)
JOE M. ALLBAUGH, et al., )
)
        Defendants. )

## ORDER

Plaintiff William Henry Dease, a state prisoner appearing *pro se* and *in forma pauperis*, has filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Before the court are a Report and Recommendation of July 24, 2018 (doc. no. 33), and a Report and Recommendation of July 31, 2018 (doc. no. 34). Both Reports are submitted by Magistrate Judge Bernard M. Jones. Plaintiff has objected to both Reports (objections to July 24 Report at doc. no. 35; objections to July 31 Report at doc. no. 40), and has also filed other papers (doc. nos. 41, 42, 43, 44), all of which have been considered. All objected to matters have been reviewed *de novo*.

1. The July 24 Report

In the July 24 Report, Magistrate Judge Jones recommends that plaintiff's motion at doc. no. 18 be construed as a motion for a temporary restraining order or injunctive relief, and that the motion, so construed, be denied as moot. As stated in the Report, the motion asks the court to order prison officials at the Joseph Harp Correctional Center (JHCC) in Lexington, Oklahoma, to return plaintiff's legal materials, to provide plaintiff with all documents and video tapes related to his

disciplinary conviction, to allow prisoners in the special housing unit the same access to legal materials as allowed to the general population, and to order prison officials to show cause why this court should not enter an injunction requiring prison officials to stop censoring legal mail. Doc. no. 33, pp. 1-2. The Report found that because plaintiff is no longer incarcerated at JHCC and is currently incarcerated at the Dick Conner Correctional Center (DCCC) in Hominy, Oklahoma, the requests for a temporary restraining order and injunctive relief should be denied as moot.

Plaintiff's objections make various arguments, not all of which are material to the issue before the court. Among other things, plaintiff argues that the mootness doctrine should not be applied or enforced because the entire Department of Corrections is managed by Joe M. Allbaugh, who is responsible for all prisons including JHCC and DCCC. Doc. no. 35, p. 5.

Having considered all of plaintiff's arguments (whether or not addressed here), the court finds that it agrees with the Magistrate Judge's recommendations and that there is no need for any further analysis. Construed as a motion for a temporary restraining order or for injunctive relief, plaintiff's motion at doc. no. 18 is moot and is **DENIED** on that basis.

2. The July 31 Report

The July 31 Report recommends that the court grant the motion to dismiss filed by Joe M. Allbaugh, Carl Bear, Donna Blackman, Kelley Brown, Misty Edwards and Lonnie Lawson. Doc. no. 31. The Report recommends granting the motion and dismissing these movants from this action because none of them is named in the Amended Complaint which therefore fails to state a claim for relief against them. The Report also notes that plaintiff did not respond to the motion to dismiss within the time period allowed, although the time period had been explained to plaintiff by the Magistrate Judge. In addition, the Report notes that plaintiff had been expressly cautioned that the amended complaint must name only those

defendants against whom plaintiff wished to proceed, that it must include all claims plaintiff wished to assert, and that the amended complaint would supersede the original complaint.

In his objections, plaintiff argues, among other things, that he should be allowed to proceed against the movants because the court retains jurisdiction in this matter by virtue of the original complaint naming the Director of the Oklahoma Department of Corrections. Plaintiff argues that the Director is the sole supervisor over all of the agents who acted under his supervision, including the movants. Doc. no. 40, p. 4.

The court has carefully considered these arguments along with plaintiff's other reasons for objecting to the Report. Having done so, the court agrees with the Magistrate Judge's recommendation, which is based on established legal principles: an amended complaint supersedes the original complaint, and a complaint that does not identify certain people or entities as defendants does not state a claim for relief against those people or entities.

The amended complaint fails to state a claim against the movants. Accordingly, the motion to dismiss filed by Joe M. Allbaugh, Carl Bear, Donna Blackman, Kelley Brown, Misty Edwards and Lonnie Lawson is **GRANTED**. Doc. no. 31. As recommended in the Report, these movants are **DISMISSED** from this action without prejudice.

### 3. Order Does Not End the Referral

This action remains referred to the Magistrate Judge.

IT IS SO ORDERED this 1st day of October, 2018.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

18-0282p002.docx