# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIAM HENRY DEASE, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) ) Case No. CIV-18-0282-F |
| JOE M. ALLBAUGH, et al., | ) ) ) |
| Defendants. | ) |

## ORDER

Plaintiff William Henry Dease, a state prisoner who appears *pro se* and *in forma pauperis*, filed a second amended complaint pursuant to 42 U.S.C. § 1983, alleging violations of state and federal law.

Before the court is a Report and Recommendation of March 25, 2019 (the Report, doc. no. 64), submitted by Magistrate Judge Bernard M. Jones. The Report recommends the court grant defendants' motion to dismiss (doc. no. 61) in part, then go on to summarily dismiss several federal claims, and decline supplemental jurisdiction over plaintiff's state law claim. The Report also recommends the court deny plaintiff's motion to strike (doc. no. 63) the special report filed by the defendants.

Plaintiff has objected to the Report. Doc. nos. 65, 66. (Plaintiff filed two objections, both of which have been considered.)[1] All objected to matters have been reviewed *de novo*. After review of the objections, the court finds and concludes that

---

[1] The court notes plaintiff's request for counsel, included within doc. no. 66. The request is denied.

it agrees with the Magistrate Judge's recommendations and that there is no need for any further analysis here.

Accordingly, plaintiff's objections to the Report are **DENIED** (doc. nos. 65, 66), and the Report is **ACCEPTED**, **ADOPTED** and **AFFIRMED**. Doc. no. 64. As recommended by the Magistrate Judge, the court rules as follows.

Defendants' motion to dismiss (doc. no. 61) is converted to a motion for summary judgment. The converted motion is **GRANTED IN PART** and **DENIED IN PART**. The motion is **GRANTED** with respect to plaintiff's claims involving (1) a bogus misconduct charge, (2) denial of the right to present (or obtain) evidence, (3) conspiracy and bias in the disciplinary proceedings, (4) retaliation, and (5) seizure and/or destruction of legal materials. Otherwise, the motion is **DENIED**. This means that the motion is **DENIED** with respect to plaintiff's claims involving (1) improper transfer or (2) credit-level demotion.

Although they survive the summary judgment motion, the improper transfer and credit-level demotion claims fail upon initial screening by the court conducted pursuant to 28 U.S.C. § 1915(e)(2)(B). For that reason, plaintiff's claims involving (1) improper transfer or (2) credit-level demotion are **DISMISSED** without prejudice.

Plaintiff's Freedom of Information Act (FOIA) claim also fails on initial screening. This claim is summarily **DISMISSED**, with prejudice, because FOIA does not apply to state governments and therefore creates no right of relief against the defendants.

The above rulings dispose of all federal claims. The court declines supplemental jurisdiction over plaintiff's state-law claim arising under the Oklahoma Open Records Act, and that claim is **DISMISSED** without prejudice.

Finally, plaintiff's motion to strike (doc. no. 63) the special report filed by the defendants is **DENIED**. Although plaintiff complains that defendants included

2

unnecessary and potentially prejudicial materials in the special report, the Magistrate Judge, and this court, have considered only evidence in the report that is relevant and admissible.

IT IS SO ORDERED this 29th day of April, 2019.

---
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

18-0282p004.docx